## Michael Dinneen, Appellee, v. City of Ottawa, Appellant.

### Gen. No. 6,108.   (Not to be reported in full.)

Appeal from the Circuit Court of La Salle county; the Hon. ED-
GAR ELDREDGE, Judge, presiding. Heard in this court at the October
term, 1915. Affirmed. Opinion filed April 14, 1916.

### Statement of the Case.

Action by Michael Dinneen, plaintiff, against City of
Ottawa, defendant, to recover damages for personal in-
juries sustained by stepping into a hole in a street
near a sidewalk in defendant city. From a judgment
for plaintiff, defendant appeals.

Plaintiff was at the time of the injury a man about
seventy years old. He had lived in Ottawa a great
many years and had been, for a number of years, a
member of the city council, his last term of office ex-
piring about eight months before the accident, a part
of the time serving as chairman of the street and alley
committee, and a part of the time as a member of the
sidewalk committee.

At the northwest corner of Columbus and Joliet
streets there was a hole, or excavation, near the angle
made by the sidewalks where years before a catch-basin
for the sewer had been put in there and the hole left
open. There was no guard protecting the hole. There
would be little danger from it in the daytime. A
pedestrian would not fall into it if he kept on the side-
walk as he turned the right angle to cross the street.
The accident happened at about eleven o'clock[1] of
a dark night. The street was dark at that place.
Plaintiff was walking north on Columbus street and in-
tending to turn at a right angle and go east and walk on
Joliet street. He mistook the place, and turned just
before reaching the walk, falling into the hole and

thereby receiving the injury complained of. The ground was hard and level at the place where he turned, and he thought he was still on the walk. He had theretofore been accustomed to walk to his home in this direction on Columbus and Joliet streets, but had habitually used the other side of the street.

RECTOR C. HITT, for appellant.

BROWNE & WILEY, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL CORPORATIONS, § 1107*—*when knowledge by pedestrian of defect in street question for jury.* In an action against a city by a former member of the council to recover damages for personal injuries sustained on a dark night, as the result of stepping off a sidewalk and falling into a hole in a street, where it appeared that plaintiff had long been accustomed to use such street and thought he was turning at right angles on another intersecting sidewalk, *held* that it was a question for the jury whether plaintiff knew of the hole in the street.

2. ESTOPPEL, § 56*—*when former member of city council not estopped to recover for personal injuries due to defect in street.* A former member of a city council is not precluded from recovery against a city for damages for injuries sustained as the result of stepping off a sidewalk into a hole in the street because of the fact that such defect existed at the time he left office.

3. MUNICIPAL CORPORATIONS, § 979*—*when city guilty of actionable negligence in neglecting to repair or guard excavation.* In an action for damages for personal injuries sustained as the result of a pedestrian stepping off a sidewalk into an unguarded hole in the street, where years before a catch-basin for a sewer had been put in and the hole left open, *held* that the city was guilty of actionable negligence in permitting the excavation to remain in such condition, uncovered and unguarded.

4. MUNICIPAL CORPORATIONS, § 1025*—*when city charged with notice of defect in street.* A city is charged with notice of the existence of an unguarded hole near a sidewalk in the street where such hole has existed for years.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. MUNICIPAL CORPORATIONS, § 1107*—*when contributory negligence of pedestrian injured by stepping off sidewalk into unguarded hole in street question for jury.* In an action by a former member of a city council to recover damages for personal injuries sustained on a dark night, as the result of stepping off a sidewalk into an unguarded hole in the street which had existed for years, where it appeared that plaintiff was familiar with the streets, that the hole existed during his term of office as a member of the city council, but that he thought that he had reached an intersecting sidewalk along which he intended to pass, *held* that it was a question for the jury whether plaintiff was exercising ordinary care for his safety.